UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**GARY JOE LAUNDERVILLE** and
**TERESA MARIE LAUNDERVILLE**,

Debtors.

Case No. **11-61117-13**

# MEMORANDUM of DECISION

At Butte in said District this 11th day of January, 2012.

In this Chapter 13 bankruptcy, after due notice, a hearing was held January 10, 2012, in Butte on approval of Boomer Oil & Gas, Inc.'s ("Boomer Oil") Final Application for Over-Secured Creditor's Professional Fees and Costs filed November 14, 2011, wherein Boomer Oil requests an award of attorney's fees in the amount of $18,585.50 and reimbursement of expenses in the amount of $3,237.09 for its attorneys at Crowley Fleck PLLP. Boomer Oil also filed a Notice granting parties-in-interest fourteen (14) days to file a response and request a hearing, and advising that failure to respond shall be deemed an admission that the relief requested in the Application should be granted. The U.S. Trustee has not filed a response pursuant to 28 U.S.C. § 586(a)(3)(A). However, Debtors, through counsel, filed an objection to the fee request on November 28, 2011. Bruce F. Fain of Billings, Montana appeared at the hearing in support of the Application; Daniel Sweeney of Butte, Montana appeared at the hearing on behalf of the Debtors and in opposition to the Application. Attorney Eli J. Patten of Crowley Fleck PLLP

1

testified and Exhibits 1 through 8 were admitted into evidence.

This case was commenced on June 7, 2011. Boomer Oil seeks payment of legal fees incurred between June 10, 2011, and October 20, 2011, and seeks reimbursement of expenses incurred between July 12, 2011, and October 4, 2011. Boomer Oil's application includes "Courtesy Fee Reduction[s]" totaling $4,000. Debtors filed their objection to Boomer Oil's request for fees and costs on November 28, 2011, setting forth objections to $4,821.21 of the requested fees and costs.

Extensive case law has developed regarding the amount and type of information that applicants must include in their fee applications. The case of *In re WRB-West Associates*, 9 Mont. B.R. 17, 18-20 (Bankr. D. Mont. 1990) summarizes thus:

> Pursuant to 11 U.S.C. §§ 327-330 and Bankruptcy Rules 2016 and 2017, this Court has an independent judicial responsibility to evaluate fees requested from the estate. *In re S.T.N. Enterprises, Inc.*, 70 B.R. 823, 831 (Bankr. Vt. 1987); *In re Seneca Oil Co.*, 65 B.R. 902 (Bankr. W.D. Okla. 1986); *In re Frontier Airlines, Inc.*, 74 B.R. 973 (Bankr. Colo. 1987). The burden of proof to show entitlement to all fees requested from the estate is on the applicant. *In re Lindberg Products, Inc.*, 50 B.R. 220, 221 (Bankr. N.D. Ill. 1985). This burden is not to be taken lightly, especially given the fact that every dollar expended on fees results in a dollar less for distribution to creditors of the estate. *In re Yankton College*, 101 B.R. 151, 158 (Bankr. S.D. 1989); *In re Pettibone Corp.*, 74 B.R. 293, 305 (Bankr. N.D. Ill. 1987). All expenses and fees must be shown as both actual and necessary under § [330(a)(3)] of the Code. *S.T.N.*, 70 B.R. at 834; *Yankton College*, 101 B.R. at 158; *Seneca Oil*, 65 B.R. at 912. Moreover, *In re Convent Guardian Corp.*, 103 B.R. 937, 939-940 (Bankr. N.D. Ill. 1989) holds:
>
> > Bankruptcy Rule 2016 provides that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." (emphasis added) The Application should contain a detailed list of expenses including the date, the type and the amount. Expenses

> must be actual not estimates. *In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987); *In re Marsh*, 14 B.R. 615, 617 (Bankr. E.D. Va. 1981). An expense is necessary if it is incurred because it was reasonably needed to accomplish the proper representation of the client. *Wildman*, 72 B.R. at 731.

The above excerpt demonstrates that this Court is obligated to review each request for fees and costs to determine whether the applicant provided:

1. a description of the services provided, setting forth, at a minimum, the parties involved and the nature and purpose of each task;
2. the date each service was provided;
3. the amount of time spent performing each task; and
4. the amount of fees requested for performing each task.

The Court's obligation to review fee applications applies to fee applications such as the instant Application submitted pursuant to § 506(b)[1].

Attached to the Application is a billing statement detailing services provided by Crowley Fleck PLLP to Boomer Oil. After review of the billing statements, the Court finds that the Crowley Fleck PLLP has provided adequate detail for the fees requested which enables the Court to undertake its independent investigation.

Boomer Oil applies for attorneys' fees and costs on the basis that Boomer Oil is oversecured. Under § 506(b), Boomer Oil has the burden to show that it is entitled to reasonable fees under an agreement or applicable state statute.[2] In addition, Boomer Oil must satisfy the

---

[1] Mont. LBR 2016-1(f) (effective December 1, 2009) provides that if oversecured creditors wish to recover reasonable fees or costs pursuant to § 506(b) as a portion of the allowed secured claim, their professionals must file a fee application.

[2] Because Debtors concede Boomer Oil is entitled to post-petition fees and costs, the Court concludes that Boomer Oil's attorney fees and costs are provided for under an agreement, even though such agreement was not produced in connection with the Application or the hearing on approval of the Application.

requirements of this Court's Montana Local Bankruptcy Rule 2016-1(f), which provides:

> (f) If a creditor wishes to recover reasonable postpetition fees, postpetition costs, or postpetition charges provided for under the agreement under which the claim arose as a portion of the creditor's allowed claim, the professionals retained by such creditor must file a fee application in accordance with the standards set forth in 11 U.S.C. § 330 and F.R.B.P. 2016(a). Reasonable fees and expenses of such professionals may be allowed by the Court as a portion of the creditor's allowed claim. Prepetition fees, prepetition costs, or prepetition charges incurred prior to the date of debtor filing the bankruptcy petition shall be itemized in the creditor's proof of claim. If professional fees and costs do not exceed $500.00 for the filing of a motion for relief from the automatic stay pursuant to Mont. LBR 4001-1(a), such fees and costs shall be presumed to be reasonable, and no application for the same will be required and no order authorizing such fees and costs shall be necessary.

The Ninth Circuit construed § 506(b) *In re Kord Enterprises II*, 139 F.3d 684, 687, 689 (9th Cir. 1998):

> Section 506(b) provides:
>
>> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement [or State statute][3] under which such claim arose.
>
> § 506(b). Both parties agree that the Bank was an oversecured creditor and thus came within the purview of § 506(b). The language of that section is clear. The creditor is entitled to attorneys' fees if (1) the claim is an allowed secured claim; (2) the creditor is oversecured; (3) the fees are reasonable; and (4) the fees are provided for under the agreement. *See, e.g., Takisaki v. Alpine Group, Inc. (In re Alpine Group, Inc.)*, 151 B.R. 931, 935 (9th Cir. BAP 1993); *Meritor Mortgage Corp., West v. Salazar (In re Salazar)*, 82 B.R. 538, 540 (9th Cir. BAP 1987).

Boomer Oil's Application for professional fees and costs is subject to the longstanding rule of

---

[3] The phrase "or State statute" was added by amendment by the time of the Supreme Court's decision in *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007).

this Court for the allowance of attorney fees under § 506(b), which by its plain language as well as the plain language of LBR 2016-1(f), require that fees and costs be "reasonable."

Debtors own a 227.44 acre ranch located in a rural, agricultural area of southern Powell County, Montana. The ranch is not Debtors' primary residence. Debtors' ranch is encumbered by Boomer Oil's lien, which Boomer Oil asserts was $415,075.18 as of Debtors' petition date. Debtors propose to subdivide the ranch and sell the parcels for a total of $960,000, with net proceeds to the estate of $768,000. An appraiser retained by Boomer Oil concluded the value of Debtors' ranch, as a single unit before subdivision, was $525,000 as of June 20, 2011.

The record reflects that Boomer Oil has an allowed secured claim, to which Debtors have never objected. Similarly, Debtors have not challenged the validity of Boomer Oil's lien. The parties also agree that Boomer Oil is an oversecured creditor and as an oversecured creditor, Boomer Oil is entitled to reasonable post-petition attorneys' fees and costs under 11 U.S.C. § 506(b).[4] However, Debtors argue the attorney fees and costs incurred by Boomer Oil were not reasonable under the circumstances. The Court agrees.

What constitutes "reasonable attorney's fees" is discussed *In re Hungerford,* 19 Mont.

---

[4] The United States Supreme Court has concluded that § 506(b) applies to oversecured claims and that:

> The natural reading of the phrase entitles the holder of an oversecured claim to postpetition interest and, in addition, gives one having a secured claim created pursuant to an agreement the right to reasonable fees, costs, and charges provided for in that agreement. Recovery of postpetition interest is unqualified. Recovery of fees, costs, and charges, however, is allowed only if they are reasonable and provided for in the agreement under which the claim arose. Therefore, in the absence of an agreement, postpetition interest is the only added recovery available.

*U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030 (1989).

B.R. 103, 136-138 (Bankr. Mont. 2001), *quoting In re Huhn*, 145 B.R. 872, 876 (Bankr. W.D. Mich. 1992):

> Pursuant to Bankruptcy Code § 506(b), a secured creditor is allowed only "reasonable attorney fees". In making a fee determination, the court must consider not only the fee agreement, but the overall fairness and reasonableness of the fee under all of the circumstances. *In re K-Fab, Inc.*, 118 B.R. 240, 242 (Bkrtcy.M.D.Pa.1990) (*citing Lund v. Affleck*, 587 F.2d 75 (1st Cir.1978)).
>
> "Reasonable" fees are those necessary to the collection and protection of a creditor's claim. *In re PCH Assoc.*, 122 B.R. at 204; *In re Kroh Bros.*, 105 B.R. at 521. They include fees for those actions which a similarly situated creditor might have taken. *In re Riker*, 122 B.R. at 970.
>
> In *In re Nicfur-Cruz Realty Corp.*, 50 B.R. 162, 169 (Bkrtcy.S.D.N.Y.1985), the court held that "it is inherently unreasonable to ask a debtor to reimburse attorneys' fees incurred by a creditor that are not cost-justified either by the economics of the situation or necessary to preservation of the creditor's interest in light of the legal issues involved." (quoted with approval in *In re Rubenstein*, 105 B.R. at 203; *In re Kroh Bros.*, 105 B.R. at 521).
>
> An oversecured creditor is not entitled to compensation for its attorneys' fees for every action it takes by claiming that its rights have been affected. *In re Kroh Bros.*, 105 B.R. at 521. "[W]here services are not reasonably necessary or where action is taken because of an attorney's excessive caution or overzealous advocacy, courts have the right and the duty, in the exercise of their discretion, to disallow fees and costs under § 506(b)." *In re Riker*, 122 B.R. at 973 (*quoting In re Wonder Corp. of America*, 72 B.R. 580, 591 (Bkrtcy.D.Conn.1987), *aff'd*, 82 B.R. 186 (D. Conn. 1988)).

*See also In re Digital Products Corp.*, 215 B.R. 478, 482 (Bankr. S.D. Fla. 1997).

This Court has awarded reasonable attorney's fees under § 506(b) to oversecured creditors who found it necessary to engage counsel to defend their secured status. *In re Copper King Inn*, 10 Mont. B.R. 146, 148 (Bankr. D. Mont. 1991). In the instant case Boomer Oil's secured status as represented in its Proof of Claim was never challenged. Boomer Oil was never required to engage counsel to defend its secured status, but it was required to engage counsel to ensure that the Debtors satisfied the confirmation requirements regarding treatment of Boomer

Oil's claim under § 1225(a)(5).

Boomer Oil filed an objection to confirmation of the Debtors' Chapter 13 plan on August 23, 2011, and filed an amended objection on September 23, 2011. Following a hearing held October 4, 2011, the Court entered a Memorandum of Decision on October 14, 2011, in which the Court overruled Boomer Oil's objections to confirmation, finding "no merit in Boomer Oil's objection." Thus, with the Trustee's consent, the Court entered an Order on October 19, 2011, confirming the Debtors' Plan. Boomer Oil did not challenge the Court's October 14, 2011, Order overruling Boomer Oil's objection to confirmation or the Court's Order entered October 19, 2011, confirming the Debtors' plan. Such rulings are now final.

Debtors take issue with the fact that Boomer Oil conducted a 2004 examination of Debtors' expert, Jack McLeod. The Court finds Boomer Oil's examination of Jack McLeod was not unreasonable. However, Boomer Oil's objections to confirmation, which lacked any merit, were not reasonably necessary for the protection of Boomer Oil's secured claim. Rather, this Court finds that Boomer Oil's efforts to frustrate the confirmation process were taken by Boomer Oil because of excessive caution or overzealous advocacy, as a result of which this Court has the right and the duty in the exercise of its discretion to disallow fees and costs under § 506(b). *Riker*, 122 B.R. at 973; *Digital Products Corp.*, 215 B.R. at 482. After reviewing the billing statement, the Court finds that $7,608.50 of the fees charged to Boomer Oil by Crowley Fleck PLLP were connected to the meritless objections to confirmation. Thus, said fees are denied.

Also, Crowley Fleck PLLP billed for several "attempted" telephone calls. This Court deems "attempted" telephone calls more in the nature of overhead that are not reasonable expenses that should be allowed under § 506(b). The Court denies $216.00 of the fees associated

with "attempted" telephone calls. Finally, Crowley Fleck PLLP billed for conferences among attorneys in the office and also billed for multiple attorneys to perform a single task. For example, on June 14, 2011, two attorneys reviewed Debtors' bankruptcy petition and schedules and then also met with the client, Boomer Oil. The duplication of efforts on that one day resulted in excess fees of $252.00. The aforementioned fees, when added to the interoffice conferences, total $1,511.50. Such fees simply are not reasonable under the circumstances in this case.

Notwithstanding the "Courtesy Fee Reduction" of $4,000.00, the Court exercises its broad discretion to deny additional fees totaling $9,336.00, bringing the reasonable fees to $9,249.50. The Court finds Boomer Oil's request for reimbursement of $3,237.09 in expenses reasonable.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction in this Chapter 13 case under 28 U.S.C. § 1334(a).

2. Boomer Oil's Application for Professional Fees is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The Court concludes that the reasonable amount of attorney fees allowable to Boomer Oil for its attorneys at Crowley Fleck PLLP under § 506(b) is $9,249.50 and the reasonable amount of allowable costs is $3,237.09; the Court disallows $9,336.00 in fees as not reasonable.

In accordance with the foregoing, the Court will enter a separate order providing as follows:

IT IS ORDERED that Boomer Oil & Gas, Inc.'s Final Application for Over-Secured Creditor's Professional Fees and Costs filed November 14, 2011, is approved in part and denied in part; and Crowley Fleck PLLP is awarded reasonable attorneys fees in the total sum of

$9,249.50 and costs of $3,237.09 as attorneys for oversecured creditor Boomer Oil pursuant to 11 U.S.C. § 506(b).

BY THE COURT

/s/ Ralph B. Kirscher

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana